IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OLIVER T. STRINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-03-1337-C |
| | ) | |
| ERIC FRANKLIN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Oliver T. Stringer, a state prisoner appearing pro se, filed a petition for writ of habeas corpus in September 2003. Adopting the Magistrate Judge's recommendation, the Court denied Petitioner's claim on July 27, 2004. A judgment was also entered on that date. Nearly nine months later, Petitioner filed a Notice of Appeal. The Tenth Circuit Court of Appeals dismissed Petitioner's claim as untimely under Fed. R. App. P. 4(a)(1)(A). Petitioner has now filed a request for a Certificate of Appealability to appeal the Court's July 27, 2004, Order and Judgment. The Court construes this request as a motion to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6).

As noted by the Tenth Circuit in its mandate, "a timely notice of appeal is both mandatory and jurisdictional." Mandate, Dkt. No. 30 (citing Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978)). The Court may reopen the time period to file an appeal if (1) the motion is filed within 180 days after entry of the judgment or seven days after the moving party receives notice of the entry, whichever is earlier, (2) the movant was entitled to notice of the entry of judgment but did not receive it within twenty-one days of

its entry, and (3) no party would be prejudiced by reopening the time to file an appeal. Fed. R. App. P. 4(a)(6). The time period in Fed. R. App. P. 4(a)(6) is absolute, even for pro se prisoners. Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000).

Petitioner's request comes nearly one year after the entry of judgment, and well after the 180 day deadline in Rule 4(a)(6). Additionally, it is clear that more than seven days have passed since Petitioner received notice of the entry of judgment.[*] The time limitations in Rule 4(a)(6) are "specific and unequivocal." Id. at 1040.

As Petitioner has failed to meet the necessary requirements to have the time limitation for appeal reopened, Petitioner's motion for a Certificate of Appealability (Dkt. No. 31), having been construed herein as a motion to reopen time for appeal, is DENIED.

IT IS SO ORDERED this 29th day of June, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

---

[*] Petitioner has not identified when he actually received notice of the Court's entry of judgment. Petitioner filed his Notice of Appeal on April 11, 2005 (suggesting knowledge of the Court's entry), but did not file the current motion until June 23, 2005. Regardless, Petitioner's motion would be untimely because Rule 4(a)(6) only permits the Court to reopen the time period "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier*." Fed. R. App. P 4(a)(6)(A) (emphasis added). Although this rule can seem harsh where a litigant fails to receive notice until after the expiration of the 180 days, "pro se prisoners, as well as all parties, are well advised to frequently check with the clerk's office on the status of their cases, and follow up on any pending inquiries," as the "parties, the courts and the public must rely on the finality of judgments." Simkins v. Saline Co. Sheriff's Dep't, Case No. CIV. A. 99-3283-KHV, 2001 WL 436151 *2 (D. Kan Apr. 24, 2001).